NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER REITMAN; et al., | No. 19-56467 |
| Plaintiffs-Appellants, | |
| v. | D.C. No. 2:18-cv-01736-DOC-JPR |
| CHAMPION PETFOODS USA, INC.; CHAMPION PETFOODS LP, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 10, 2019
Pasadena, California

Before: PARKER,** CHRISTEN, and WATFORD, Circuit Judges.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

1

Plaintiffs-Appellants ("Reitman")[1] filed this putative class action on behalf of themselves and other consumers in California who purchased allegedly mislabeled dog food products sold by Defendants-Appellees ("Champion").[2]  They appeal the district court's denial of their motion for class certification.  *See* Fed. R. Civ. P. 23.  We review a district court's refusal to certify a class for abuse of discretion.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009).  We see none and we affirm.

The district court concluded that Reitman had failed to satisfy Rule 23(b)(3)'s predominance requirements.  Specifically, the district court found that, although all dog food packages may have a common message, whether that message is misleading could only be determined by separately examining each bag because the packaging of each bag contains different information.  Reitman argues that the district court erred by focusing its predominance analysis only on affirmative misrepresentations and failing to consider allegedly uniform and material omissions from the dog food bag packaging.  We disagree.

---

[1]    Plaintiffs-Appellants are Jennifer Reitman, Carol Shoaff, and Erin Grant.  We refer to them collectively as "Reitman."

[2]    Similarly, we refer to Defendants-Appellants Champion Petfoods USA, Inc. and Champion Petfoods LP collectively as "Champion."

The district court's conclusion that individualized inquiries requiring bag-to-bag determinations predominate over common questions applies whether the misrepresentations are based on affirmative statements on, or omissions from, the packaging. And Reitman does not explain how creating subclasses based on diets would cure the need for individualized bag-to-bag inquiries. Accordingly, the district court correctly held that the predominance requirement had not been satisfied and that creating subclasses would be futile.

The district court also properly found that Reitman's damages models failed to satisfy the standard set out in *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). Reitman's "price premium" model failed to measure the price difference attributable to misleading statements on, or omissions from, the packaging. In other words, the model measured only the differing customer expectations based on various corrective statements in the abstract and failed to measure the "difference between what the plaintiff paid and the value of what the plaintiff received." *In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 96 (Cal. Ct. App. 2009); *see also Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015).

Moreover, the district court correctly found that a full refund model was inappropriate for Reitman's proposed pentobarbital subclass because there were

potential class members who never purchased bags with contaminant. Additionally, "[a] full refund *may* be available . . . when the plaintiffs prove the product had *no* value to them." *In re Tobacco Cases II*, 192 Cal. Rptr. 3d 881, 895 (Cal. Ct. App. 2015). Thus, Reitman's failure to explain why a risk of contamination renders the product completely valueless for even those class members who did purchase a contaminated bag was a sufficient basis for rejecting the subclass they posited.

Finally, the district court applied the correct standard in denying Reitman's request to create a liability-only class or issue classes under Rule 23(c)(4). The district court concluded, while acknowledging that predominance was not required for certifying a class under Rule 23(c)(4), that numerous individualized issues affecting determinations of liability make Rule 23(c)(4) certification inefficient. Indeed, Rule 23(c)(4) enables a district court to certify an issue class "[w]hen appropriate," but a court does not abuse its discretion when it declines to do so because certifying a class does not "materially advance[] the disposition of the litigation as a whole." William B. Rubenstein, 2 Newberg on Class Actions 4:90 (5th ed. 2012); *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) (finding that the "district court abused its discretion by not adequately considering the predominance requirement before certifying the [issue] class").

4

Because Reitman failed to show that Rule 23(c)(4) certification was "appropriate," the district court did not abuse its discretion when it denied certification.

We have considered the remainder of Reitman's arguments and find them to be without merit. Thus, the district court's denial of class certification is **AFFIRMED.**